ROMAN L. BROWN, Appellant, v. ROBERT H. GRAHAM, Appellee.

### APPEAL FROM ROCK ISLAND.

The possession of one of several tenants in common of personal property which is incapable of division, is the constructive possession of all.

And when a tenant in common, not in possession, sells his interest, the possession of another tenant in common becomes the constructive possession of the purchaser.

If instructions are given to the jury which are calculated to mislead them, the judgment will be reversed.

THIS was an action of detinue for a horse, commenced by the appellee against the appellant in the Circuit Court. of Rock Island county.

Issues in this case were, *non detinet;* property in defendant; property in plaintiff and defendant as tenants in common; property in Henry S. White and others.

The case was tried before DRURY, Judge, and a jury. .

The evidence showed, that the appellee bought the horse at a sale under an execution against Lucius C. Brewer and .Levi Parsons, as the property of Brewer. That at the time of the sale, Brewer owned only one-half the horse, and George D. Gould owned the other half; that afterwards, but before the commencement of this suit, Gould sold his half to Brown, the defendant below, who was in possession at the time the suit was commenced, and that he refused to deliver the horse to the plaintiff. · There was conflicting proof as to the value of the animal.

The plaintiff asked the court to instruct the jury as follows, to which defendant objected. Objection overruled, and instructions given, and defendant excepted.

1. A sale by Brewer to Gould, of the horse, or any interest therein, would not, unless accompanied by possession, pass any right or title thereto as against an execution creditor of Brewer. And if the horse remained in possession of Brewer and was not in Gould, it would be liable to levy and sale on execution against Brewer. -

2. If at the time of the sale or pretended sale by Gould to the defendant, of the interest claimed by him in the horse, he was not in the lawful possession thereof, but such possession was in the plaintiff or his agent under claim of ownership on the part of the plaintiff, such sale would convey to the plaintiff no title or interest in the horse.

3. If the plaintiff, Graham, bought the horse and received possession thereof, of the sheriff, and caused it to be placed in

defendant's livery stable, the possession of defendant would in such case be the possession of the plaintiff, and the defendant could not deliver to Gould such a possession as would enable him to convey to defendant a good title to the horse or any interest therein.

The defendant asked the following instruction, which the court refused, and defendant excepted :

If the jury believe, from the evidence, that the plaintiff had notice of the adverse claim to this horse by Gould previous to his, plaintiff's, purchase of the property, then plaintiff cannot impeach the previous transaction by Gould and Brewer respecting the property, because it was not delivered, and if the jury believe that Gould had an interest in the horse, that such interest was sold to the defendant, then the jury will find for defendant, though they may believe the same was never in Gould's possession prior to the levying of the execution under which the sheriff's sale was made.

Defendant also asked the following instructions, twenty-five minutes before the close of the argument of the case, and the same were refused as not being asked in time, there being a verbal rule of the court that all instructions should be asked before the commencement of the closing argument; to which defendant excepted.

If the jury believe that the defendant is the owner of an undivided half of the horse in question, they will find for the defendant.

In law the possession of one of two tenants in common is the possession of all, and if the jury believe, from the evidence, that the horse in question was in the possession of a tenant in common, of the horse, at the time of the sale by Gould to Brown, and that Gould was at that time a tenant in common of the horse, then the horse was in his possession for the purpose of a sale, and if they believe further that Gould's interest was legally transferred to the defendant, then they will find for the defendant.

The sale of the white horse to Gould by Brewer is not in question, and the sale was good until impeached, and if the jury believe that the horse in question was in his possession with a claim of ownership previous to the levy of the execution on which this horse was sold, such possession was sufficient to pass title of the half of the horse to Gould from Brewer.

The case being given to the jury, they returned the following verdict :

" We, the jury, find for the plaintiff, and assess the damages at forty-five dollars."

Defendant made a motion for a new trial, on the ground that the court refused proper evidence for defendant, gave improper

instructions and refused proper ones, and because the verdict was contrary to the evidence. Motion overruled, and defendant excepted.

The court then rendered a judgment that defendant recover the property, and forty-five dollars damages and costs, and that he have execution therefor. Whereupon defendant prayed an appeal, and caused the same to be duly perfected.

A. WEBSTER, for Appellant.

WILKINSON & PLEASANTS, for Appellee.

WALKER, J. Property indivisible in its character, owned by tenants in common, is incapable of a several possession by each tenant. It therefore follows, that the possession of one of the tenants is a constructive possession of the others. And when one of the joint owners, not in the actual possession, sells his interest in the property, the purchaser succeeds to all of the rights of his vendor, as held by him, without an actual delivery of possession. He, by such a purchase, becomes a tenant in common, and the possession of his co-tenant is constructively his possession. It is, however, otherwise, when the tenant in common, having the actual possession, makes a sale of his interest, as the possession must in that case, to be valid as against creditors and purchasers, accompany and remain with the title.

If Gould was the owner of an undivided half of the property in controversy, and Brewer of the other half, then the possession of the latter was the constructive possession of the former, and the appellee only acquired a title to an undivided half of the horse, by the levy under the execution and his purchase at the sheriff's sale. He only succeeded to Brewer's title, and became thereby a tenant in common with Gould. And whether Gould was a part owner of the property was a question of fact, for the consideration of the jury. By their verdict, they have found that he had no interest in the property, and we are not prepared to say that the verdict is unwarranted by the evidence.

It is urged that the instructions are such as must have misled the jury in their finding. The first of appellee's instructions refers to a sale of one-half of a horse by Brewer to Gould, which, after the execution came to the hands of the officer, was traded for the horse in controversy, and was therefore inapplicable to the evidence in this case. By the second, the jury are told, that if Gould was not in the lawful possession of the horse when he sold to appellant, but if appellee or his agent was in possession, claiming ownership, a sale by Gould would convey no title or interest in the property. This instruction denies all

right in the tenant in common to sell his interest in the property, unless he is in the actual possession, notwithstanding it is in the possession of his co-tenant. This instruction, as we have seen, does not state the law correctly, and should have been refused. By the third, the jury are informed, that if appellee purchased the horse at the sheriff's sale, and caused it to be placed in appellant's stable, that his possession would be that of appellee, and that appellant could not deliver such a possession to Gould, as would warrant a sale by him, so as to pass any title. The power to sell by a tenant in common, we have seen, does not depend upon his being in actual possession, but depends upon the possession of his co-tenant, and this instruction asserted a different rule, and should have been refused.

The instructions given for appellant did not sufficiently modify or explain those given for the appellee, so as to prevent them from misleading the jury. It is true, that they are told to find for the defendant, if they believe that the plaintiff was not the owner, and that if they found that plaintiff and defendant were tenants in common of the property, or defendant owned an undivided half of it, they should find for him, and also, that if plaintiff only held title by his purchase at the sheriff's sale, that he only succeeded to Brewer's interest in the horse. The instructions given for plaintiff had precluded the idea that defendant could acquire title of Gould unless he was in possession, and the evidence showed that he had acquired his possession of plaintiff's custodian, and they were told that such possession would not support a sale. We are of the opinion that the plaintiff's instructions were calculated to mislead, and must have misled the jury in their finding, and that the judgment must be reversed.

*Judgment reversed.*