KAUFMAN v. STATE SAVINGS BANK.

1. ASSIGNMENT — INSURANCE POLICIES—VALIDITY—ACCEPTANCE —
PRESUMPTIONS.

Where fire-insurance policies on plaintiff's property were made
payable to her husband, and after a loss had occurred he
assigned them to her and deposited them with the company,
the assignment being for her benefit and interest, her assent
to and acceptance of it will be presumed.

2. HUSBAND AND WIFE—AGENCY OF HUSBAND—RECEIPT OF DRAFT
—SUFFICIENCY OF DELIVERY.

Where the proceeds of a fire-insurance policy on plaintiff's
goods were sent in the form of a draft, payable to plaintiff
and her husband, and by him received and cashed through
forgery of her name, a claim that title to the draft never
vested in plaintiff, for the reason that there was no delivery
of the same to her, is untenable, since she may avail herself of
his receipt of the draft for her.

3. BANKS AND BANKING — FORGED PAPER — PURCHASE — CONVER-
SION.

Where negotiable papers, representing the proceeds of fire-in-
surance policies on plaintiff's goods, were issued payable to
plaintiff and her husband, and delivered to him, and he
availed himself of them by forging her name thereon, the
bank purchasing them from him was liable to plaintiff for
their proceeds as for conversion.

Error to Wayne; Brooke, J. Submitted November
21, 1907. (Docket No. 6.) Decided January 31, 1908.

Case by Adelaide Kaufman against the State Savings
Bank for the negligent cashing of a check and draft.
There was judgment for plaintiff on a verdict directed by
the court, and defendant brings error. Affirmed.

*Walker & Spalding*, for appellant.

*Oscar M. Springer* (*Fred H. Warren*, of counsel),
for appellee.

MONTGOMERY, J.   This action is brought for the wrongful taking possession and conversion of a check and draft, each being made payable to the order of the plaintiff and Bernard S. Kaufman, her husband.   The transactions which resulted in the giving of each of these items of commercial paper were in all substantial respects identical.   The plaintiff was the owner of some furniture in the Sibley apartments, so-called, in the city of Detroit, which was covered by two policies of insurance, one in the Aachen & Munich Fire-Insurance Company, and the other in the American Insurance Company of Boston. For some reason, which does not clearly appear, the policies were made payable to Bernard S. Kaufman notwithstanding the ownership of the goods in the plaintiff.   A fire having occurred, Bernard S. Kaufman assigned the policies to plaintiff and deposited the policies with the respective companies.   The agent of the first-named company made a draft on the general manager for the amount of the insurance, payable to the order of Bernard S. Kaufman and Adelaide Kaufman.   The second-named company, through its agent, made a check payable in the same manner to the order of Bernard S. Kaufman and Adelaide Kaufman.   These two pieces of paper were indorsed to defendant by Bernard S. Kaufman in his own name and also in the name of plaintiff.   The latter indorsement was wholly without authority, the draft issued by the first company being purchased outright on these indorsements, the check from the second company being received for collection on the like forged indorsement. Defendant, on receiving the fund, turned it over to Bernard S. Kaufman.   The circuit judge directed a verdict for plaintiff, and defendant brings error.

It is claimed that no title to the paper ever vested in the plaintiff, for the reason that there was no delivery of the same to her.   The assignment of the insurance to her was for her benefit and interest, and her assent to the assignment and acceptance of it would be presumed.   *Thatcher v. St. Andrew's Church,* 37   Mich. 264;   *Bangs* v.

*Browne,* 149 Mich. 478. The fact that this check and draft were made ' payable to the two rendered it, if plaintiff's contention be correct, as secure as it would have been had it been payable to the plaintiff alone, and we see no reason why plaintiff is not in a position to avail herself of the draft and check if she sees fit by affirming her husband's receipt of the same to do so.

The meritorious question in the case is whether the defendant, having purchased this draft on the indorsement of one of two joint payees, and having assumed to collect the check on an indorsement which turns out to have been a forged indorsement of plaintiff's name, is in position to assert title as against the true owner, or whether, on the other hand, having received the money upon the check and draft, the defendant is accountable to the true owner for the amount of money received. The defendant relies upon the case of *Harding* v. *Parshall,* 56 Ill. 219, and other cases, to establish the rule that a debt to two jointly may be paid to either, and this being so, it is urged that the owner of commercial paper is entitled to demand and receive payment even in the absence of any indorsement at all, and it is sought to reason from this that the indorsement by Bernard S. Kaufman of plaintiff's name had no other effect than to enable Kaufman himself to receive payment through the instrumentality of the defendant.

It is a sufficient answer to this view to say that such was not the transaction. What did happen was that Bernard S. Kaufman, having in possession these two pieces of commercial paper, each of which represented money due to plaintiff individually, sold one piece of paper to the defendant, and put it in the power of defendant to recover from the payor the pay on the other piece on a forged indorsement. This as between plaintiff and Bernard S. Kaufman was a conversion of the property, and unless he was authorized to pass title to the defendant or vest it with an agency to receive the money on her paper, it was likewise as between the defendant and the plaintiff a conversion of the property.

In the same jurisdiction in which *Harding* v. *Parshall*, supra, was decided, it was held by Mr. Justice Scolfield, in *Ryhiner* v. *Feickert*, 92 Ill. 305, following and citing with approval 1 Daniel on Negotiable Instruments, § 684, that if several persons not partners are payees or indorsees of a bill or note it must be indorsed by all of them; either one of the joint payees may authorize the other to indorse for him, and an assignment of his interest in the paper from one to the other carries with it such authority, but there is no presumption of law that one may indorse for the other. The same rule was laid down in *Wood* v. *Wood*, 16 N. J. Law, at p. 428, and we have been unable to find any case which makes for the contrary rule. This is not the case of receiving payment from the maker by one of two joint payees; it is an attempt to transfer title in one case and create an agency in the other, and, as we have seen, this cannot be done except by indorsement of all to whose order the instrument is made payable. It will, of course, be understood that this is subject to the rule that under the implied authority of one partner he may indorse for his copartner. But that is not the case here.

The judgment will be affirmed.

OSTRANDER, HOOKER, CARPENTER, and MCALVAY, JJ., concurred.