# CHARLESTON.

DOTSON v. SKAGGS, *Executrix.*

Submitted November 30, 1915.   Decided December 14, 1915.

1. BILLS AND NOTES—*Liability of Maker—Joint Payee.*
   A negotiable note payable to the maker and another jointly, not partners, indorsed in blank by the maker, does not imply a promise by the maker to pay such joint payee. (p. 373).

2. SAME—*Joint Possession—Presumption.*
   Possession of such note by either joint payee is presumptively possession by both. (p. 375).

3. SAME—*Liability of Maker—Joint Payee—Right of Action.*
   A declaration on such note by one joint payee holding the note, indorsed in blank by the other who is also the maker, is bad on demurrer. (p. 375).

4. APPEAL AND ERROR—*Decision on Appeal—Ruling on Demurrer.*
   A final judgment for defendant upon issues joined upon a bad declaration, to which a demurrer was interposed and overruled, will not be reversed for error in overruling the demurrer, when it plainly appears from the averments and proof that the declaration can not
   
   77 W. Va.

be amended without introducing a new cause of action. In such case plaintiff is not prejudiced by an affirmance, because the judgment is no bar to a cause of action in nowise pleaded, or otherwise in issue. (p. 376).

Error to Circuit Court, Greenbrier County.

Action by C. D. Dotson against Effie A. Skaggs, executrix, etc. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*R. F. Dunlap* and *Thomas Coleman,* for plaintiff in error.

*T. N. Read,* for defendant in error.

WILLIAMS, JUDGE:

C. D. Dotson sued Effie A. Skaggs, executrix of John S. Summers, deceased, in assumpsit upon a negotiable note. Defendant demurred to the declaration and the demurrer was overruled, and she pleaded the general issue and *non est factum,* and tendered another special plea of limitations which, on motion of the plaintiff, was rejected. The trial of the issues joined resulted in a verdict and judgment for defendant; and plaintiff is here on writ of error.

The note and indorsements thereon are as follows:

"$1,500.                Parkersburg, W. Va., Sept. 25th, 1903. Four months after date we promise to pay to the order of C. D. Dotson and John S. Summers Fifteen Hundred Dollars. Value received, negotiable and payable at the Second National Bank of Parkersburg.

Steamer John S. Summers<br>John S. Summers, Owner."

Indorsements on back of note: "C. D. Dotson John S. Summers."

It is proven by competent witnesses that the signature, "Steamer John S. Summers John S. Summers, Owner," and the name "John S. Summers," on the back of the note, are in the handwriting of John S. Summers, deceased. He must have intended, by the use of that signature, to become the maker of the note. 1 Dan'l. Neg. Inst., sec. 75, (6th ed.). He made it payable to himself and C. D. Dotson, jointly, and why he made it in that form does not appear. Although made

before the new negotiable instruments act was passed, the note was negotiable under the old statute, being payable at a bank in this state. A negotiable note payable to the order of the maker is a nullity until indorsed by him and negotiated. 1 Dan'l. Neg. Inst., sec. 130. One can not be both maker and payee at the same time. He can not be both debtor and creditor by the same transaction, and, to give any effect to such a note, the maker must negotiate it. However, in this instance, the maker is not sole payee, but joint payee with another, the two not being general partners. What, then, is the legal effect, as concerns the original parties, of the indorsement in blank by the joint payee who is also maker; does it pass legal title to the other? Certainly not, because, not being partners, it would require their joint indorsement to pass title.

"If several persons, not partners, are payees or indorsers of a bill or note, it should be indorsed by all of them, unless it be expressed to be payable to the order of either of them, or to the order of certain ones of them, in which cases their indorsement would suffice." 1 Dan'l. Neg. Inst., sec. 684.

"Where negotiable paper is payable to two or more persons, there is no presumption that one indorses and transfers it for the others, and if the title is to be transferred, it must be by the indorsement of all." *Kaufman* v. *State Savings Bank,* 151 Mich. 65, 114 N. W. 863, 123 Am. St. Rep. 259.

"If a note be made payable to several persons, not partners, it can only be transferred by a joint indorsement of all of them; but when it is made to two or more persons as partners, it may be transferred by the indorsement of any one of them." *Ryhiner* v. *Feickert,* 92 Ill. 305.

"The joint payee of a promissory note, cannot indorse it either in his own name alone, or in his own name and that of his co-payee. They are not considered partners, either in a commercial, or legal sense of the term." *Wood* v. *Wood,* 16 N. J. L. 428.

That no presumption of a partnership arises from the fact that they were joint payees was decided in the following cases also: *Sayre* v. *Frick,* 7 Watts & Serg. (Pa.) 383; and *Haydon* v. *Nicoletti,* 18 Nev. 290. The last cited case also holds that joint payees must all join in the transfer of title.

Possession of the note by Dotson does not import exclusive ownership by him. Being a joint note, possession by one is presumptively possession of both. *Wood* v. *Wood, supra;* and *Brown, Admr.* v. *Dickenson,* 27 Grat. 690. Both could not have physical possession at the same time, hence possession by either is presumptively a joint possession.

No doubt Dotson, by adding his indorsement, in due course, could have passed title to a third party, but that he did not do. Summers by his indorsement did not become liable to Dotson. As between the two he was not technically an indorser, because one joint payee can not pass title, it requires a joint indorsement to do so, and that was never done. True Dotson's name also appears on the back of the note, but that gives it no additional effect as he claims to be the sole owner of it. He avers in his declaration that he has been the owner of the note ever since it was indorsed by Summers, that by such indorsement he became liable to pay him the full amount of the note. The declaration avers no other promise, nor was there any attempt to prove any promise, other than what the note and indorsement import, and they do not imply a promise to Dotson, the joint payee. The legal import of Summers' indorsement was implied authority to Dotson to negotiate the note, which he did not do, but could have done by completing the indorsement and passing title to a third party. Whatever interest, if any, Dotson has in the note is purely equitable, and no action at law can be maintained upon it. We are cited to no authorities for the proposition that one joint payee becomes liable to the other by his indorsement in blank, and we have been unable to find any in support thereof.

The supreme court of Virginia in *The Citizens National Bank of Alexandria* v. *Walton,* 96 Va. 435, held that an assignment of his interest in a negotiable note, by one joint payee to the other, and a subsequent transfer of the note, in due course, by such other, to a third party, rendered the former liable to the holder as if he had indorsed it in blank. But the contrary effect was given to the same kind of an assignment, in a similar case, by the appellate court of Indiana. *Bond, Admr.* v. *Holloway,* 18 Ind. App. 251. However, the point decided in those cases is not exactly the question presented in this case. Here the note was never

negotiated, and is now in the hands of one of the original parties, who is suing to recover on the note from the estate of the other. Not exactly in point, but apropo to the question here involved, see *Pilcher* v. *Barrows,* 17 Pick. 361; and *Reid's Admr.* v. *Windsor,* 111 Va. 825.

There being no liability by one joint payee to the other because of his indorsement in blank of a negotiable note, it necessarily follows that Summers' estate is not liable to Dotson on the note sued on. The declaration, averring no other grounds of liability, fails to state a good cause of action, and the demurrer thereto should have been sustained. The overruling of the demurrer is cross-assigned as error, and, in disposing of the case, this is the first assignment to be considered. This error would be sufficient cause for reversing the judgment and remanding the cause with leave to plaintiff to amend his declaration, if we did not see that he can not be prejudiced by an affirmance. It clearly appears from the averments of the declaration and the proof that plaintiff will be unable to amend without averring new matter which, in legal effect, would constitute a new cause of action, and, as to such, the judgment in the present suit would not be a bar. *State* v. *McEldowney,* 54 W. Va. 695; *Doonan* v. *Glynn,* 28 W. Va. 715; and *The Western M. & M. Co.* v. *The Virginia Cannel Coal Co.,* 10 W. Va. 250.

Defendant was entitled to a judgment upon the issue of law presented by the demurrer, but having obtained a final judgment on the facts it would be needless to reverse it in order that another might be rendered in her favor on the law. Wherefore we will affirm the judgment. In view of the court's rulings in the matter of instructions to the jury, which mainly accord with our view of the law as herein expressed, except defendant's peremptory instruction, which was improperly refused, we do not understand why the demurrer was not sustained.

Numerous other assignments and cross-assignments are made, but, in view of the conclusion already reached, it is not necessary to consider them.

*Affirmed.*