ALCOA BUILDING PRODUCTS, INC., Plaintiff-Appellant, *v.* LaSALLE NATIONAL BANK, Defendant-Appellee.

First District (1st Division)    No. 77-720

Opinion filed July 5, 1978.—Rehearing denied August 8, 1978.

Winston & Strawn, of Chicago (Calvin Sawyer and Michael T. Welch, of counsel), for appellant.

Liebling, Hauselman & Miller, Ltd., of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Alcoa Building Products, Inc., sued defendant LaSalle National Bank, individually and as trustee, for failing to notify Alcoa of a foreclosure proceeding instituted against the *res* of a land trust. Alcoa claimed that LaSalle owed it this duty since LaSalle was aware that the beneficial interest in the trust had been assigned to Alcoa by the Elsters. LaSalle, on the other hand, refused to accept the assignment because a predated reassignment to the beneficial interest back to the Elsters did not satisfy certain requirements set by LaSalle.

Prior to trial, LaSalle made a motion to dismiss the complaint on the ground that it failed to state a cause of action. The motion was granted. Alcoa then filed a motion to vacate the order dismissing the complaint. This motion was denied and Alcoa appeals.

On appeal, Alcoa argues that the trial court erred in dismissing the complaint inasmuch as LaSalle had full knowledge of all assignments and Alcoa's claim against the trust.

We reverse and remand.

In April of 1972, defendants Donald and Patricia Elster executed a land trust agreement with defendant LaSalle National Bank (hereinafter referred to as LaSalle). The trust property consisted of the Elster home and the real property associated with it. Title to the property was conveyed to LaSalle as trustee, while the Elsters retained the beneficial interest and power to direct LaSalle.

Sometime before July 13, 1973, the Elsters assigned their beneficial interest to Silas Boken. The assignment was made in order to secure a loan made to them by Boken. Upon repayment of the loan, Boken was to reassign the beneficial interest back to the Elsters.

On October 1, 1973, plaintiff Alcoa Building Products, Inc. (hereinafter referred to as Alcoa) obtained a judgment against the Elsters, jointly and severally, in the amount of $29,135.66. This judgment was released by Alcoa on November 15, 1974, when the Elsters executed a note payable to Alcoa. In order to secure the note, the Elsters assigned their beneficial interest in the trust property to Alcoa. In addition, or so Alcoa alleges, the Elsters also delivered to Alcoa a previously executed reassignment of the beneficial interest to them from Silas Boken. Subsequently, Alcoa was

unable to produce a copy of the Boken reassignment, maintaining that it had somehow become lost. The Elsters, on the other hand, maintained that Boken never reassigned his interest in the property to them.

Subsequently, the Elsters defaulted on their note payable to Alcoa. On May 8, 1975, Alcoa's representative appeared before LaSalle's trust department with a copy of the Elsters-Alcoa assignment. Nevertheless, LaSalle refused to accept the assignment on the ground that its records indicated that Silas Boken still retained the beneficial interest in the trust property as security for a loan. At that time, Alcoa's representative informed LaSalle that Boken had reassigned the beneficial interest to the Elsters and that the Elsters had subsequently assigned that interest to Alcoa. Alcoa's representative further stated that the Boken reassignment had been fully executed and accepted in writing by the Elsters, but had inadvertently become lost. Nonetheless, LaSalle still refused to accept the Elsters-Alcoa assignment, but did place a copy of the assignment in the file it maintained in connection with the trust.

On May 9, 1975, Alcoa's attorney delivered a letter to LaSalle setting forth his understanding of the trust agreement as follows:

> "It is my understanding that as a prerequisite to filing that [Elsters to Alcoa] Assignment, a reassignment of the beneficial interest from Mr. Boken to Mr. and Mrs. Elster must be filed. We shall endeavor to have this accomplished as soon as possible."

In September, 1975, Alcoa obtained Boken's signature on a duplicate of the Boken reassignment to the Elsters. This reassignment was predated July 13, 1973, the date of the purported original Boken reassignment. The newly executed Boken reassignment was then tendered to LaSalle for acceptance. Again, LaSalle refused to accept the reassignment or even to place it in its file, on the ground that its internal rules required that the Elsters re-execute the "Acceptance" portion of the Boken reassignment. Although Alcoa repeatedly attempted to obtain the Elsters' signatures on the document, the Elsters refused to sign.

On or about October 30, 1975, Palatine Savings & Loan Association, the first mortgagee of the trust property, commenced a foreclosure suit on the mortgage. LaSalle was made a party defendant to the action and served with summons. However, at no time did LaSalle take any steps to notify Alcoa of the pending suit, though fully aware of Alcoa's claim to the trust property. In order to avoid foreclosure, the Elsters sold their residence to a third party purchaser. As a part of that transaction, the Elsters and Boken directed LaSalle, as trustee, to issue a deed to the property to the purchaser. As a result of the sale, the mortgage indebtedness to Palatine Savings & Loan Association was paid and the foreclosure action dismissed.

After the mortgage was paid, the excess proceeds from the sale price,

approximately $22,000, remained in the trust. At the direction of the Elsters and Boken, LaSalle then distributed these proceeds to certain persons. Alcoa received none of the proceeds, nor was it informed of the distribution despite LaSalle's knowledge of Alcoa's claim to the beneficial interest in the trust.

Thereafter, Alcoa filed a suit against LaSalle, individually and as trustee, for an accounting of an order directing LaSalle to pay a sum certain to Alcoa, based on the amount said accounting determined was remaining prior to the final distribution of the trust proceeds. In the alternative, Alcoa sought restitution from the Elsters and an order that LaSalle restore the corpus of the trust.

LaSalle moved to dismiss the complaint on the ground that it failed to state a cause of action. The motion was granted. Alcoa then filed a motion to vacate the order dismissing the complaint. This motion was denied. Alcoa appealed.

Alcoa first argues that the trial court erred in dismissing the complaint. Alcoa reasons that because LaSalle had full knowledge of the assignments from Boken to the Elsters and from the Elsters to Alcoa, LaSalle had a duty to notify Alcoa of the foreclosure proceeding. We agree.

In *Chicago Title & Trust Co. v. Czubak* (1976), 42 Ill. App. 3d 349, 352, 356 N.E.2d 118, 120, we stated that "when there are conflicting claims to a deposited fund or property, as we have in the instant case, the stakeholder is not required to make a determination as to the rights of the prospective claimants, but should place the money or property before the court to avoid acting at his own peril." As here, that case also involved a dispute as to the ownership of the beneficial interest of a land trust. However, in the present case, LaSalle did not file an interpleader though fully aware of the Boken-Elsters assignment and the Elsters-Alcoa assignment. LaSalle did not even notify Alcoa of the foreclosure proceedings instituted by Palatine Savings & Loan Association. Had notice been given, Alcoa could have intervened in the proceeding and defended its claim to the beneficial interest of the trust.

LaSalle, on the other hand, argues that it did not owe a duty to notify Alcoa since the trust agreement states:

"No assignment of any beneficial interest hereunder shall be binding on the trustee until the original or duplicate is lodged with and accepted in writing by the trustee * * *."

As a prerequisite for acceptance, LaSalle requires that the assignee endorse the assignment. Since the Elsters failed to sign the Boken reassignment, LaSalle refused to "accept" it. Thus, LaSalle concludes, it was totally justified in not accepting the Elsters' assignment to Alcoa since Boken was still the holder of the beneficial interest.

■■ This argument fails for the simple reason that the section of the trust

agreement relied on by LaSalle is not relevant. The section describes the conditions necessary in order for LaSalle to accept an assignee as the holder of the beneficial interest. Alcoa, however, has never demanded that LaSalle accept it as the holder of the beneficial interest, but merely that it refrain from defeating Alcoa's interest. Further, the Elsters' acceptance of the Boken reassignment was not necessary, since beneficial assignments are presumed accepted by the assignee. *Kaufman v. State Savings Bank* (1908), 151 Mich. 65, 114 N.W. 863; 6 Am. Jur. 2d *Assignments* §93 (1963).

■■ Consequently, because acceptance of a beneficial assignment by the assignee is presumed and further, because LaSalle was fully aware of all the assignments, it should not have attempted to defeat Alcoa's interests by failing to give notice of the foreclosure proceedings. We therefore disagree with LaSalle's argument that in the future notice of foreclosure proceedings will be required to be given to all those who claim an interest in a land trust. Our decision today is limited only to the unique set of facts presented in the instant case.

Accordingly, for the foregoing reasons, the order of the circuit court of Cook County is reversed and the cause remanded.

Order reversed; cause remanded.

GOLDBERG, P. J., and BUCKLEY, J., concur.