EMMANUEL WILLIAMS, Plaintiff-Appellant, v. INDEPENDENCE BANK OF CHICAGO, Indiv. and as Trustee, Defendant-Appellee.

First District (4th Division)  No. 1—88—0924

Opinion filed July 26, 1990.

Bruce M. Bozich, of South Holland, for appellant.

Martin P. Greene, David S. Allen, and Peter J. Latz, all of Jones, Ware, & Grenard, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Emmanuel Williams, appeals from an order of the circuit court of Cook County granting the summary judgment motion of

defendant, the Independence Bank of Chicago, and denying plaintiff's motion for reconsideration of the court's previous denial of his summary judgment motion. The trial court found that defendant owed no duty to notify plaintiff of pending foreclosure proceedings on property in which he had no beneficial interest. The following issues are presented for review: (1) whether defendant owed plaintiff a duty to notify him of pending foreclosure proceedings when defendant was aware of a purported assignment of beneficial interest in a land trust to plaintiff; and (2) assuming that the purported assignment conveyed a valid beneficial interest, whether plaintiff is entitled to judgment as a matter of law against defendant.

We reverse.

On May 31, 1981, defendant and Geraldine Terrell executed land trust agreement number 20504. Defendant, as trustee, held legal title to the property located at 10425-29 South Vernon Avenue in Chicago. Terrell and Rodell Carter each held 50% of the beneficial interest in the property as tenants in common. According to the agreement, defendant was only authorized to deal with the property when instructed to do so in writing or at the direction of Terrell or such beneficiary that has, in his or her own right, management and control of the property.

On July 12, 1982, Terrell executed an assignment of 50% of her beneficial interest in the trust to plaintiff for $20,000. Defendant, through its corporate counsel, acknowledged receipt of the assignment on July 16, 1982. At the time of the assignment, Terrell had a $58,000 mortgage on the property from First Federal Savings and Loan Association of Chicago (hereinafter First Federal).

Subsequently, Terrell fell behind on her mortgage payments. On February 8, 1983, First Federal filed a complaint in foreclosure against defendant as trustee for the property in question. Defendant was served with a copy of the summons on February 16, 1983. One of defendant's trustees later notified Terrell of the pending foreclosure proceedings. Defendant, however, did not notify plaintiff of these proceedings.

On April 8, 1983, defendant filed an appearance in the action but did not answer First Federal's complaint. A judgment of foreclosure and sale of the property was entered on August 6, 1983, after a default judgment had been obtained by First Federal. Pursuant to the August 6 order, First Federal was entitled to a judgment in the amount of $66,475.84. Any remaining surplus from the sale was to be forwarded to defendant.

The property was sold at a sheriff's sale on November 2, 1983.

Surplus from the sale, in the amount of $93.40, was forwarded to defendant. On September 12, 1984, Terrell instructed defendant to pay her attorney the surplus from the sale.

Plaintiff testified that he did not learn of the foreclosure action until June 13, 1984, after the period of redemption had expired. Defendant admits that it did not inform plaintiff of the foreclosure proceedings but contends that Terrell had notified him of the proceedings prior to the expiration of the period of redemption.

Plaintiff then filed a complaint against defendant and Terrell. He alleged, among other things, that defendant had breached its fiduciary duty owed by a land trustee to a beneficiary of a land trust when it failed to notify him of the foreclosure action against the trust.

On September 28, 1987, plaintiff filed a summary judgment motion on the issue of defendant's liability. The court denied the motion on January 21, 1988, finding that defendant had no duty to notify plaintiff of any pending foreclosure proceedings since there had been no valid assignment of Terrell's interest to him. The court construed the language in the assignment as not only denying plaintiff the power of direction but also any beneficial interest that Terrell had in the trust. Therefore, the court reasoned that since plaintiff was not a beneficiary, defendant had no fiduciary duty to notify him of any action taken against the trust.

On January 29, 1988, plaintiff filed a motion for reconsideration of the January 21 decision. Defendant filed a summary judgment motion on February 4, 1988, based on the January 21 ruling. On March 3, 1988, the trial court denied plaintiff's motion for reconsideration and granted defendant's summary judgment motion. It is from this order that plaintiff appeals.

The threshold issue to be determined in this case is the validity of the assignment. The document provides, in pertinent part, as follows:

"ASSIGNMENT OF BENEFICIAL INTEREST

FOR VALUE RECEIVED, I ~~We~~ Geraldine Terrell do hereby sell, assign, transfer, set over and convey unto Emmanuel Williams fifty per cent (50%) all my/our rights, powers, privileges and beneficial interest in and to a fifty per cent (50%) undivided beneficial interest in and to that certain trust set forth and declared in a Trust Agreement dated the 31st day of May A.D., 1981[,] and known as the Independence Bank of Chicago Trust No. 20504, excluding ~~including~~ power of direction and all my interest in the property held subject to said Trust Agreement, and do hereby authorize and direct the Independence Bank of Chicago said Trustee, to pay and deliver to said As-

signee(s) all monies, property and benefits growing out of said beneficial interest hereby assigned." (Corrections in original.)

Plaintiff reasons that "excluding" only refers to the power of direction. If the assignment is construed so as to exclude the assignment of any of Terrell's beneficial interest in the trust, plaintiff argues, there would have been no reason for the preparation and execution of the assignment document.

Defendant, on the other hand, maintains and the trial court found that there was no effective assignment of beneficial interest in the *res* or transfer of the power of direction. Defendant contends that the meaning of the assignment must be determined solely from the plain language used in the instrument. Moreover, defendant argues that by excluding the power of direction, Terrell, in effect, gave plaintiff a mere contingency interest and, therefore, no right to notice of proceedings that would affect the trust *res*. We disagree.

■■ "The creation and existence of an assignment is to be determined according to the intention of the parties, and that intention is a question of fact to be derived not only from the instruments executed by them, but from the surrounding circumstances as well." (*Rivan Die Mold Corp. v. Stewart Warner Corp.* (1975), 26 Ill. App. 3d 637, 642.) We find that it was Terrell's expressed intent to assign to plaintiff 50% of her beneficial interest in the land trust.

■ As plaintiff notes, Terrell, at her deposition, stated that she told plaintiff she would assign 50% of her beneficial interest in the land trust to him in exchange for $20,000. Prior to the assignment, Terrell had fallen behind on her mortgage payments on the property. According to defendant, the money that Terrell received from plaintiff allowed her to become current on her mortgage payments.

Moreover, Terrell's intent to make this assignment is evidenced not only by the title of the document—"ASSIGNMENT OF BENEFICIAL INTEREST"—but also by the fact that the document expressly states in two places, prior to the exclusionary language, that she was assigning 50% of her beneficial interest to plaintiff. We, therefore, find that the assignment was valid and effectuated an assignment of 50% of Terrell's beneficial interest to plaintiff.

Defendant also contends that, since plaintiff had no power of direction, he had a mere contingency interest which would not entitle him to notice of pending foreclosure proceedings. Defendant cites to *Rudolph v. Gersten* (1968), 100 Ill. App. 2d 253, to support this proposition.

In *Gersten*, defendant and her husband were beneficiaries of a land trust. These parties later assigned to themselves and to their

daughter, the plaintiff in this case, the beneficial interest in the trust. The original parties, however, retained the sole power to direct. The plaintiff, having paid no consideration for her interest in the trust, accepted the assignment subject to all of its terms, including the provision denying her power of direction. Subsequently, one of the original beneficiaries, plaintiff's father, died. Defendant, the plaintiff's mother, then directed the trustee to convey the property to a third person who, in turn, reconveyed the property back to the trustee to be held in a new land trust of which the defendant was sole beneficiary. Thereafter, one of the parcels of land in the trust was sold. The plaintiff then filed suit claiming one-half interest in the trust.

The *Gersten* court construed the trust agreement, assignment, and other documentation relating to the property as evidencing an intent on the part of the defendant and her husband to create a testamentary disposition of the property, since the plaintiff had paid no consideration for her interest and since her parents had reserved to themselves the power of direction. The court, finding that the plaintiff had not met her burden of showing a donative intent on the part of the original owners to give her a present gift of the property, held:

> "By retaining the exclusive power to direct all acts of the trustee to the exclusion of their daughter, the Gerstens retained the power to defeat plaintiff's interest in the trust while either of them was alive ***." *Rudolph v. Gersten* (1968), 100 Ill. App. 2d 253, 264.

The sole beneficiary in a land trust may, therefore, assign the beneficial interest in the trust while at the same time retain the power of direction. (*Dorman v. Central National Bank* (1981), 97 Ill. App. 3d 429, 433.) We, however, do not find that *Gersten* went so far as to hold that without a power of direction there is no right to notification of pending proceedings affecting the property. We also distinguish *Gersten* in that no consideration was paid for the plaintiff's interest. As one legal scholar suggests, the *Gersten* "decision should be confined to cases where the disappointed beneficiary paid no consideration for the beneficial interest." H. Kenoe, Land Trusts §2.33 (Ill. Inst. for Cont. Legal Educ. 1989).

■ Accordingly, we find that while a settlor who retains the power of direction may have superior rights to the beneficiary bereft of such power of direction (*Dorman*, 97 Ill. App. 3d at 433), we do not find that said beneficiary should be deprived of notice of pending foreclosure proceedings under the circumstances of this case.

In *Alcoa Building Products, Inc. v. La Salle National Bank* (1978), 62 Ill. App. 3d 510, the court held that the trustee of a land

trust who had been made aware of the assignments of beneficial interest in the trust had a duty to notify the assignee-owner of the beneficial interest of foreclosure proceedings instituted against the trust *res.*

Although, as defendant points out, *Alcoa* was limited to the facts in that case, we find the instant case sufficiently similar to warrant application of the *Alcoa* holding. In *Alcoa,* the plaintiff had been assigned the beneficial interest in a land trust of which the defendant bank was trustee. Although defendant was aware of the assignment to plaintiff, it refused to accept the assignment. Subsequently, the *res* was sold to a third-party purchaser by the assignors in an effort to avoid foreclosure. The mortgage indebtedness was paid, and the foreclosure action was dismissed. Excess proceeds from the sale were distributed to certain other persons. Plaintiff, however, received none of the proceeds nor was it informed of the distribution of the proceeds.

The court held that since defendant was aware of the assignment, it had a duty to notify plaintiff of the pending foreclosure proceedings. (*Alcoa Building Products, Inc. v. La Salle National Bank* (1978), 62 Ill. App. 3d 510, 513.) The court reasoned that had plaintiff been given notice of the foreclosure proceedings it could have intervened in the proceeding and defended its claim to the beneficial interest in the trust. *Alcoa,* 62 Ill. App. 3d at 513.

Similarly, in the instant case, defendant as trustee not only had knowledge of the assignment to plaintiff but accepted and acknowledged receipt of this assignment. Based on the rationale applied in *Alcoa,* we find that defendant had a duty to notify plaintiff of the foreclosure proceedings under the circumstances of this case.

Finally, defendant argues that even if this court finds that it had a duty to notify plaintiff of the pending foreclosure proceedings, plaintiff is not entitled to a summary judgment against defendant. As defendant correctly points out, pursuant to *Ebert v. Dr. Scholl's Foot Comfort Shops, Inc.* (1985), 137 Ill. App. 3d 550, 557, this court has jurisdiction to review the January 21, 1988, trial court order denying plaintiff's summary judgment motion even though on appeal plaintiff seeks review of the trial court's order of March 3, 1988, denying his motion for reconsideration.

■ Summary judgment should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.) Defendant claims that there is a dispute as to a material fact. Defendant maintains that there is an irreconcilable conflict in testimony as to whether plaintiff was aware of the foreclosure proceedings prior to

the expiration of the period of redemption.

At one point in Terrell's deposition, she stated that she had notified plaintiff of the pending foreclosure proceedings. She, however, contradicted herself at another point in her deposition by denying that she had informed plaintiff of the pending proceedings. Plaintiff testified that he had not been notified of the proceeding until after the period of redemption had expired.

This conflict in testimony is not, however, material to the issue of whether defendant owed a duty to notify plaintiff. It is an undisputed fact that defendant did not notify plaintiff of the pending proceedings. This issue, therefore, may be properly decided by summary judgment.

Accordingly, the January 21 and March 23, 1988, decisions of the circuit court are reversed, and this cause is remanded with an order directing the trial court to enter judgment in favor of plaintiff on the issue of defendant's liability.

Reversed and remanded with directions.

McMORROW, P.J., and LINN, J., concur.