HILL *v.* DRAPER.

Opinion delivered October 31, 1896.

63  141
67  483,
63  141
h79  480

JUDGMENT OF SUPREME COURT—CONCLUSIVENESS.—Where the supreme court on appeal set aside a sale and remanded the cause for further proceedings consistent with its opinion, the trial court has no jurisdiction to sustain the sale, in the absence of any ground for review or new trial for newly discovered evidence.

Appeal from Sevier Circuit Court in Chancery.

W. H. COLLINS, Special Judge.

*Rose, Hemingway & Rose* and *A. C. Steele*, for appellants.

1. The former decree in this court left no discretion in the court below. The sale was *vacated and set aside.* The court below had no authority to do anything except to enter a decree in accordance with the opinion. 54 Ark. 395. It is true that where new evidence has been discovered after a case has been disposed of in this court—evidence which the parties by the exercise of due diligence could not have discovered before—the party may, by an original bill in the nature of a bill of review, have the decision reviewed, as in 36 Ark. 532. But this is not such a case, and the decision of this court is final, and the lower court must obey the mandate. 6 Cr. 267; 12 Pet. 339; 12 Wall. 129; 12 Pet. 494; 3 How. 413, *ib.* 613; 6 *id.* 40; 17 *id.* 258; 1 Wall. 69; 94 U. S. 498; 95 *id.* 361; 101 *id.* 553; 112 *id.* 375; 116 *id.* 47; 144 *id.* 417; 148 *id.* 228; 21 Ark. 197; 73 Fed. 908.

*W. C. Rodgers*, for appellees.

This cause was reversed and remanded for *further proceedings* consistent with the opinion delivered in 54 Ark. 295. 24 S. W. 1075. Nothing in the cases cited

militates against the position that the question of estoppel is not *res judicata.* 1 Herman, Est. & Res. Jud. pp. 117, 118; 27 S. W. 882, 886; 98 Cal. 105; 32 Pac. 876; 49 Mo. 472, 474; 52 Ill. 272; 120 *id.* 136; 130 *id.* 515. The question of estoppel has never been passed on by this court. The only question decided before was, that the surviving partners could not sell the partnership assets to pay an individual debt of a member of the firm. No other question was presented.

BATTLE, J. This is the third time this case has been in this court. The first time it came on an appeal from the judgment of the circuit court sustaining a demurrer to the complaint in the action. The allegations in that complaint, as stated in *Hill* v. *Draper*, 54 Ark. 396, are as follows :

"Draper, McElroy and Rhyne composed the mercantile firm of Draper, McElroy & Co. After Rhyne's death, the firm being insolvent, the surviving partners conveyed the stock of goods in satisfaction of an individual indebtedness of McElroy to John and Kelly Cowling, who had full knowledge of the firm's insolvency. · Hill, Fontaine & Co., creditors of the firm, brought suit in equity to subject the property in the hands of the Cowlings to the payment of their debt against the firm, alleging the foregoing facts."

The court held that the complaint stated a good cause of action, on the ground that surviving partners could not dispose of the partnership assets in payment of the private debt of one of the survivors.

Upon the case being remanded, the defendants, W. K. and J. P. Cowling (John and Kelly Cowling), filed an answer, in which they allege: " The Cowlings had been in partnership with Draper and Rhyne under the firm name of Cowling, Draper & Co. McElroy purchased their one-third interest in the property of the

firm, giving them a note for $1600, the price agreed to be paid. Afterwards Draper, McElroy & Co., the new firm, procured an indorsement from the Cowlings upon $3500 of commercial paper due Hill, Fontaine & Co.; and the new firm promised that, if any misfortune should happen, it would protect them, not only for the amount for which they had indorsed, but for the $1600; and afterwards Draper and McElroy, the surviving partners of the new firm, sold the goods, wares, and merchandise held by them as such partners in payment of the note for $1600."

Upon this answer the circuit court heard evidence, and rendered a decree in favor of the defendants; and Hill, Fontaine & Co. and Rhyne's administrator appealed.

This court, upon the evidence adduced, set the sale to the Cowlings aside, and remanded the cause for further proceedings consistent with the opinion delivered in *Hill* v. *Draper*, 54 Ark. 395.*

Upon the return of the case to the circuit court the defendants were permitted to file an amendment to their answer in these words:

"That plaintiffs led and induced these defendants to believe that they would not extend any credit to the firm of Draper, McElroy & Co. in addition to the amount these defendants became responsible for. The defendants could and would have realized all that was due them for their one-third interest in the old firm of Cowling, Draper & Co. at the time plaintiffs agreed not to let Draper, McElroy & Co. have any additional goods or property, and looked to these defendants, and not to Draper, McElroy & Co., or any member of that firm.

"Premises considered, the defendants W. K. and J. P. Cowling pray that the plaintiffs be adjudged estopped

*The opinion on the second appeal was not reported. See 58 Ark. 625. (Rep.)

to pursue these defendants or the goods in their hands for said indebtedness, which by their complaint in this action they seek to satisfy, and that plaintiffs take nothing by this suit, and be adjudged to pay all costs of same.

"Defendants further ask, in the alternative, that if the court should be of the opinion that the question of estoppel is not well raised, and defendants are not entitled to such relief, that there be by the court declared an equitable lien in favor of these defendants on the said goods delivered to their possession, to the extent of their interest in the old firm of Draper, McElroy & Co., which was one-third, and that defendants have such further relief as may comport with equity."

Upon evidence as to facts which were known to the Cowlings before and at the time the cause was first heard upon its merits, the circuit court held that the plaintiffs were estopped to complain of the sale of the partnership assets by the surviving partners in payment of the individual debt of McElroy to the Cowlings, and dismissed the complaint. In this the court erred.

In *Jacks* v. *Adair*, 33 Ark. 161, it is said: "It results from the nature and supremacy of this court that no inferior tribunal can review, alter, or modify its judgments or decrees for any supposed error, or for any matter which might have been considered here. Hence there can be no review for error upon the record. It has been well settled, however, that for matters arising after the judgment or decree of an appellate court, which would render it inequitable to carry the judgment or decree into execution, it may be enjoined. That detracts nothing from the dignity or supremacy of the superior tribunal. It presents new equities for original jurisdiction." See also *Meyer* v. *Johnson*, 60 Ark. 50.

In this case the circuit court treated a part of the decree of this court as of no effect, and upheld a sale

which had been set aside by it, without any ground for review or new trial, there being no newly discovered evidence. In defense of this action of the court, it is said its judgment was reversed on the second appeal, and the cause remanded for further proceedings consistent with the opinion delivered in *Hill* v. *Draper*, 54 Ark. 295. This is true. But at the same time and in the same decree the sale was set aside. There was nothing in the decree which prevented the court from obeying or enforcing it as a whole, which it was its duty to do. It had no jurisdiction to set aside any part of it upon the ground it did.

The decree of the circuit court is therefore reversed, and the cause is remanded, with directions to the court to treat the sale as set aside by the order of this court, and appropriate the property in controversy by sale, or its proceeds, if sold, to the payment of the lawful debts of the late firm of Draper, McElroy & Co., to which its creditors in this action are seeking to subject the same, so far as the same will extend, and for further proceedings.