State ex. rel. W. H. J. GOODWIN v. CARALEIGH PHOSPHATE & FERTILIZER WORKS.—2 Cases.

(Decided October 25, 1898.)

### *Pleadings—Amendment of—Appeal.*

1. Amendment of Pleadings matter of discretion, provided the amendment does not assert a cause of action wholly different from that set out in the original complaint, nor change the subject of the action, nor deprive the defendant of defences he would have had to a new action.

2. If the amendment comes within the exception—the exception should be noted—appeal would be premature at that stage.

ACTION to enforce penalty for sale of fertilizers without having the tags required by law affixed to the bags, heard before *Timberlake, J.,* at March Term, 1898, of WAKE Superior Court.

Motion to file amended complaint.

Motion allowed. Defendant excepted and appealed.

*Mr. Edward C. Smith,* for defendant (appellant).
*Messrs. Douglas & Simms,* for plaintiff.

CLARK, J.: It was held in this case (121 N. C., 91) that the allowance or refusal of a motion to amend pleadings is a matter within the discretion of the presiding judge and no appeal lies. But this is subject to the exception that the amendment of the complaint does not assert "a cause of action wholly different from that set out in the original complaint, does not change the subject of the action nor deprive the defendant of defences he would have had to a new action." *Parker* v. *Harden,* 122 N. C., 111, quoting *King* v. *Dudley,* 113 N. C., 167, and cases cited in Clark's Code (2nd Ed.) pp. 223, 224. Even when it is claimed that it has that

effect, the remedy is not an immediate appeal, but to note an exception and appeal from the final judgment if it is adverse, so in any aspect this appeal would be dismissed. In *Gillam* v. *Ins. Co.*, 121 N. C., 369, the Court approved a refusal of leave to amend the complaint in that case, for the above reasons, but the granting permission to amend is not ground for exception that the complaint would set up a cause of action that is barred by the Statute of Limitations, as that is matter of defence to be set up in the answer to the amended complaint, if the defendant shall choose to plead that defence. In *Sams* v. *Price*, 121 N. C., 392, it is held "where the cause of action is changed by an amended complaint the defendant has a right to set up in the answer thereto any legal defence, including the Statute of Limitations, just as if the action had been commenced at the date of the amended complaint."

So the Court was in its discretion in allowing the amendment and the defendant can neither appeal at this stage, nor has he suffered any damage that entitled him to note an exception. If so advised, it is open to him to plead the Statute of Limitations as if the action was commenced at the date of the amended complaint, and the plaintiff will consider then whether he will prosecute the action further, if that defence is sustained by the trial judge. It would insufferably increase the length and expense of litigation if appeals can be taken from such rulings as this in anticipation of the probable effect of the ruling. It may be the defendant may not set up the Statute of Limitations, or should it be sustained when set up the plaintiff may not appeal. In either event this appeal will have been unnecessary, and at all events is nothing more than an inquiry speered at the Court as to the effect of the amendment (*Ely*

v. *Early*, 94 N. C., 1 ; *Kron* v. *Smith*, 96 N. C., 390,) and which can be presented on appeal from the final judgment if adverse to the defendant, and in no wise calls in question the power of the court to allow the amendment.

Appeal dismissed.