# CHARLESTON.

The Phoenix Assurance Company v. Fristoe.

| 53 | 361 |
| f63 | 264 |

Submitted January 2, 1902.   Decided April 25, 1903.

1. Declaration—*Affidavit*.

   If a plaintiff fail to file an affidavit with his declaration in *assumpsit*, after the defendant has appeared and filed a plea of *non-assumpsit*, he cannot then file such affidavit and have the defendant's plea stricken from the record because not accompanied with an affidavit.   (p. 362).

. 2: Joint Plaintiffs.

   Two persons, to whom or for whose benefit a third person has promised to pay a single amount cannot maintain separate suits for their alleged shares of such amount, or the whole thereof must sue jointly.   (p. 364).

3. Assessment—*Note*.

   Defendant promised to pay the sum of $867.15 for the benefit of the Phoenix and Peabody Assurance Companies.   The Phoenix Assurance Company instituted suit against defendant for the sum of $495.15, its alleged share of such joint note.   Such suit is not maintainable.   (p. 365).

Error to Circuit Court, Mercer County.

Action by the Phœnix Assurance Company against L. J. Fristoe.   Judgment for defendant, and plaintiff brings error.

*Affirmed.*

W. Walter McClaugherty, for plaintiff in error.

J. M. Anderson and A. W. Reynolds, for defendant in error.

Dent, Judge:

The Phœnix Assurance Company asks the reversal of a judgment of the circuit court of Mercer County dismissing its action of *assumpsit* against L. J. Fristoe.

The plaintiff relies on nineteen assignments of error, all of which become unimportant if the two principal assignments are determined in favor of the defendant.

The first of these relates to the right of the defendant to file the plea of *non-assumpsit* without affidavit, and the second

to the action of the court in striking out the plaintiff's evidence and directing a verdict in favor of the defendant.

The various other assignments refer to the rulings of the court in excluding certain matters of evidence, but as the court in the end excluded the whole evidence, all the other questions are necessarily included in the last, for if the court was right in determining the plaintiff had proved itself out of court, and was not entitled to recover, the ruling out of evidence that could not materially change the result could not possibly injure the plaintiff.

1. The plaintiff did not file its affidavit with its declaration nor at the first rules, but at the second rules after defendant had filed his plea of *non-assumpsit* and prevented the office judgment from being confirmed, plaintiff appeared and filed his affidavit and then wanted the defendant's plea stricken out. The court ruled properly that the affidavit came too late after plea filed, and refused to strike out the plea. In this holding the court was right. If the plaintiff desires to prevent the defendant from filing a plea without affidavit, he must file his affidavit with the declaration or before the plea is filed. Filing afterwards, even at the same rules, will not compel the defendant to amend his plea. In this case, the principle, first in time, first in right, must prevail.

2. The declaration contains three counts. The first is for money found due on settlement; the second charges an assumption by the defendant of a debt due the plaintiff from W. W. Anderson & Co., amounting to the sum of $495.36, being an ovation; the third charges the same thing, but that the *assumpsit* was in writing.

The account filed with the declaration is for the sum of $495.36, debt of W. W. Anderson & Co., which the defendant agreed to pay in consideration, among other things, of the transfer of the local agency of the plaintiff. Plaintiff to sustain this account proves that the defendant purchased the interest of W. W. Anderson & Co. in the local agency of the company and others, and agreed as part of the consideration to assume and pay the sum of $867.15, due the plaintiff and the Peabody Insurance Company from W. W. Anderson & Co., and for which said W. W. Anderson & Co. had executed their note, payable to J. F. Paull, Esq., Agt., with Robt. A. Anderson and B. Prince as sureties, and that the account sued for,

$495.36, was the plaintiff's share of this sum of $867.15. To sustain this contention, the plaintiff introduces the note, which reads as follows, to-wit:

"$867.15.                    Bluefield, West Virginia, July 1, 1898.

Three months after date, we promise to pay to the order of J. F. Paull, Esq., agent, eight hundred and sixty-seven dollars and fifteen cents, with interest at ———— per cent. per annum at ————.

value received.

W. W. Anderson & Co.,<br/>Robert A. Anderson,<br/>B. Prince."

Two letters written by plaintiff's general agent, J. F. Paull, as follows, to-wit:

"Wheeling, West Virginia, Nov. 28, 1898.

*L. F. Fristoe, Esq., Bluefield, W. Va.*

Dear Sir:—A letter received today from our Mr. A. W. Neff brings me the gratifying intelligence that you have purchased the remaining 1-2 interest in the agency of Mess. W. W. Anderson & Co. and now have full control and that for this one-half you have assumed the indebtedness of Anderson to the Peabody & Phœnix—$867.15, which is to be paid as fast as possible each month, beginning with January, 1899. I am glad that you have succeeded in securing the business, as I believe you will make a success of it, as the field you have is a good one, and it will be my endeavor, as far as possible to help you out in every respect. Will you kindly write me a letter confirming the purchase of the balance of the Anderson interest, and that you have assumed the note of W. W. Anderson & Co. to me ($867.15) and payable as stated.

Yours very truly,<br/>J. F. Paull,<br/>Sec'y & Gen. Agt."

"L. J. Fristoe, Esq.,                        "Dec. 7th, 1898.
Bluefield, W. Va.

Dear sir:—

On Nov. 28th I wrote you in reference to the information Mr. Neff gave me in regard to you having purchased the interest

of Mr. Anderson and assuming his indebtedness of $867.15, and requesting that you write me confirming the purchase and the assuming of this debt to be paid as agreed with Mr. Neff, but so far I have not heard from you. Will you kindly let me have an answer to this letter and oblige,

Yours truly,<br>J. F. Paull, Secretary."

And the answer thereto of the defendant:

"Bluefield, West Virginia, Dec. 15, 1898.

*Mr. J. F. Paull, Wheeling, W. Va.*

My Dear Sir:—

Replying to your favor of the 7th, I received yours of November 28th, and should have answered at once, but was waiting to hear from the L. L. & G. before writing you. I have purchased the entire business of W. W. Anderson & Co. and have full charge, *and agreed with Mr. Neff to assume the amount due you by said Anderson & Co.,* $867.15. Mr. Neff assured me I could pay this amount so as not to cramp me in the business, all of which I appreciate very much and will do my best to cut same down as fast as possible; I realize how lenient you have been with the agency and did not feel it right that you should suffer; this is why I agreed to this arrangement. I suppose Mr. Neff told you that it would be impossible to make anything out of the note. I wish to thank you very much for your kindness in this matter, and trust that the business will be conducted in such a manner that it may be of the most pleasant to each of us. With kindest regards, I beg to remain,

Yours very truly.<br>L. J. Fristoe."

These letters prove beyond question that the defendant agreed to assume and pay to J. F. Paull, General Agent of the Peabody and Phœnix Companies the sum of $867.15 in consideration of the transfer to him of the interest of W. W. Anderson & Co. in the local agency. In short, this was a novation of this indebtedness in so far as defendant was concerned. Defendant appears never to have been informed how much was due to each of these companies, or he never assumed to pay them separately, and in taking the note from W. W. Anderson &

Co., the amounts were consolidated. His contract was to pay to J. F. Paull, Secy. & Gen. Agt., the sum of $867.15 for the two companies, the Peabody and Phœnix. The proof, written and oral, fully sustains this to be the contract. The question then presented on the motion to strike out the evidence was whether the plaintiff had the right to maintain a separate suit against the defendant for its share of this sum of money. The circuit court decided not, for the reason that the defendant had not made an assumption to pay to plaintiff its separate share of this sum, but had agreed to pay the whole sum to J. F. Paull. General Agent, for the benefit of both. · Therefore they could not sue him separately. There is no evidence that the defendant ever made a separate promise to the plaintiff, but the note and the letters show that the pormise to them was joint. In 2 Tuck. Com. 257, the law is stated to be, "When the contract is made with several, whether it were under seal or by parol, if their legal interest were joint, they must all, if living, join in an action in form *ex contractu,* for the breach of it, though the covenant or contract with them were in terms joint and several; the reason assigned is that when the interest is joint, if several were to be permitted to bring actions for one and the same cause, the court would be in doubt for which of them to give judgment; therefore where A declared upon an account stated with him, of moneys due to him and a third person, after verdict judgment was arrested on the ground that the promise, whether express or implied, must, in point of law, be considered as made to all the persons whose debt it was, and therefore they ought to have joined in the action." 15 En. Plead. & Pract. 529, 536. In this case the promise was made by the defendant to pay for the benefit of the two companies, the Peabody and the Phœnix, $867.15, and the Phœnix brings a separate suit claiming that its share of the promise is the sum of $495.36. If its suit is maintained, the Peabody may in turn bring its suit for the full amount, and claim it is entitled to the whole. The defendant might answer that the Phœnix obtained a judgment for $495.36 of the sum, to which the Peabody could reply, I was not a party to the suit, and am not bound by that judgment, and hence you must pay me again. This places on the defendant an obligation he did not undertake, and that is the risk of losing to both parties, or the duty of making a settlement between them. He promised

to pay the two together the sum of $867.15, and it matters not to him what their separate interests may be. They must settle that between themselves. He is only safe in paying their joint judgment and cannot deal with them separately. If they had rendered to him separate accounts, and he had accepted them, the case would have been different. They mixed their accounts, reduced them to the form of a note and induced him to assume the mixture and now they cannot unmix them without his consent and make him pay them separately. Not only is this true, but his agreement to pay the joint sum is a novation, which as to him extinguishes their prior several accounts against W. W. Anderson & Co. 21 A. & E. En. Law, (2 ed.) 671. So it is not a question as to whether the accounts were merged in the note and satisfied by it, but whether the novation or new promise of the defendant extinguishes them. As to the old accounts, he made no promise, but only as to the joint amount determined by the note. They could not maintain separate suits against him. Their suit must be joint or in the name of their agent. Hence, the court was right in holding that the allegations of the declaration were not sustained by the evidence, and on the refusal of the plaintiff to take a non suit directing a verdict for the defendant. The judgment is affiirmed.

*Affirmed.*