HARROD *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered April 17, 1911.

APPEAL AND ERROR—FINAL ORDER.—An order continuing a case until the plaintiffs' right to prosecute it can be determined in the probate court is not final or appealable.

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; appeal dismissed.

*Trimble, Robinson & Trimble,* for appellant.

*G. W. Hendricks,* for appellee McPherson.

PER CURIAM. Letters of administration on the estate of O. H. McPherson, deceased, were issued by the probate court of Lonoke County to appellant, J. R. Harrod, who instituted an action in the circuit court of that county against the St. Louis, Iron Mountain & Southern Railway Company to recover damages alleged to have been sustained by the estate and next of

kin of said decedent on account of the negligent acts of the employees of said railway company.

On August 1, 1910, Mrs. Annie McPherson, widow of said deceased, O. H. McPherson, filed her interplea in said action, alleging that she and her child were the only ones to be benefited in the event of a recovery of damages; that appellant had procured his letters of administration through false representations that he was a creditor, and that he should not be allowed to prosecute said suit as administrator. She prayed that she be permitted to manage the case, so far as it affected herself and child, and that the case be not tried until she had had her rights to administer on said estate adjudged.

The court made the following order, from which appeal has been prosecuted:

"It is, therefore, ordered and adjudged that the interplea be sustained, and that this case be not tried until she can have her rights to administer on the estate adjudged in the court to which she may appeal in her application for letters of administration, and that she now have control and management of this action for the death of her husband, Oscar McPherson."

The order in question did not terminate the action nor finally adjudicate appellant's rights to prosecute the same. The effect of the order was merely to continue the case until the widow could have an opportunity to procure the removal of appellant as administrator and to obtain for herself letters of administration on the estate of said decedent. It was not a final order from which an appeal could be prosecuted.

The appeal is therefore dismissed.