J. A. FISHELL AND HIS WIFE, LEAH H. FISHELL, v. MAGGIE E. EVANS AND ELLA V. EVANS, ADMINISTRATRICES OF THE ESTATE OF F. O. FISHELL.

(Filed 4 May, 1927.)

1. **Actions—Bills and Notes—Parties—Joint Payees—Demurrer.**

It is necessary for all of the joint payees of a note to unite as parties plaintiff thereon, and where it properly appears to the court that they have not done so, the maker's demurrer to the action for want of proper parties is good.

2. **Same—Limitation of Actions—Statutes—Parties—Amendments—Husband and Wife.**

Where a note is made to the husband and his wife as joint payees, and the action thereon is brought by the husband alone, an amendment joining the wife as a party to the action (C. S., 547), after the running of the statute of limitations is in effect the bringing of a new action, which also will be barred. C. S., 446, 511.

APPEAL by defendant from *Oglesby, J.,* at November Term, 1926, of FORSYTH. Reversed.

Action upon note begun in Forsyth County Court. From judgment rendered therein upon verdict of the jury, defendants appealed to the Superior Court of said county.

Upon said appeal, defendants' assignments of error, based upon exceptions taken during the trial in the county court, were not sustained. From judgment affirming the judgment of the county court, defendants appealed to the Supreme Court.

*I. E. Carlyle and Manly, Hendren & Womble for plaintiffs.*
*Forrest G. Miles and A. E. Holton for defendants.*

CONNOR, J. On 8 June, 1892, F. O. Fishell executed his promissory note in words and figures as follows:

"One day after date I promise to pay to the order of J. A. Fishell and wife the sum of two hundred dollars ($200), for value received, in the purchase of the Kimble place. This note, together with all interest at the rate of 8 per cent, to be paid at or before my death, if not paid before.

"This 8 June, 1892. Interest paid semiannually.
                                                "F. O. FISHELL."

F. O. Fishell died on 25 October, 1920; defendants duly qualified as his administratrices on 1 November, 1920.

Summons in an action entitled "J. A. Fishell v. Maggie E. Evans et al., Administratrices of F. O. Fishell" was issued on 23 January, 1923; a duly verified complaint was filed in said action, in which plaintiff J. A. Fishell demanded judgment upon the note above described. Duly verified answer was filed by defendants on 23 February, 1923, in which they denied the execution of said note by F. O. Fishell.

Thereafter, on 5 January, 1924, Leah H. Fishell, wife of J. A. Fishell, was, upon her own motion, made a party plaintiff in said action, the summons being amended by including her name therein. An amended complaint was thereupon filed on 22 April, 1925, in which plaintiffs J. A. Fishell and his wife, Leah H. Fishell, allege that they are joint owners of said note, and demand judgment that they recover jointly of defendants the amount due thereon. Defendants in their answer to the amended complaint, among other defenses, plead the three-year statute of limitations in bar of plaintiff's recovery on said note.

The second and third issues submitted to the jury upon the trial in Forsyth County Court are as follows:

"2. Is the cause of action of the plaintiff J. A. Fishell barred by the statute of limitations? Answer:

"3. Is the cause of action of the plaintiff Leah H. Fishell barred by the statute of limitations? Answer:"

In apt time defendants requested the court to charge the jury as follows: "If you believe the testimony, you will answer the second and third issues 'Yes.'" The court refused to so charge, and defendants excepted.

The court thereupon charged the jury as follows: "The court charges you, upon the record, that your answer to the second and third issues will be 'No.'" Defendants excepted to this charge.

Defendants' assignments of error, based upon the foregoing exceptions, were not sustained upon their appeal to the Superior Court. In this defendants, upon their appeal to this Court, contend there was error.

Plaintiffs J. A. Fishell and Leah H. Fishell, his wife, are joint payees, and, as they allege in their complaint, joint owners of the note sued upon. Neither of them can, therefore, recover on said note in an action in which he or she alone is plaintiff. "Where a bill or note is made payable to several persons, or is endorsed or assigned to several, they are joint holders and must sue jointly as such." 8 C. J., 846. In *Sneed v. Mitchell,* 2 N. C., 292, it is said: "The reason why a contract made with several persons jointly must be sued by all is because if they were to sue severally they could recover only their several proportions; no one could recover all to the exclusion of the others; and if each could recover only his proportion, then the defendant upon one contract would be subject to as many suits as there were persons with whom he made it. If one might sue alone, by the same reason, each of them might sue alone. All this mischief is avoided by one joint action brought by all." See *Phœnix Assur. Co. v. Fristoe,* 53 W. Va., 361, 44 S. E., 253; also, *Dotson v. Skaggs* (W. Va.), 87 S. E., 460; L. R. A., 1916 D, 761.

The complaint filed by J. A. Fishell, in which he alone demanded judgment upon the note set out in the complaint, was subject to demurrer, for it appeared upon the face thereof that he was not the real party in interest. C. S., 446; C. S., 511. The real parties in interest, to wit: J. A. Fishell and his wife, Leah H. Fishell, did not become plaintiffs in the action to recover upon said note until 5 January, 1924, on which date Leah H. Fishell, by amendment to the summons, was made a party plaintiff with her husband, J. A. Fishell. Prior to said date, no action had been commenced by the real parties in interest on the note which stopped the running of the statute of limitations on the right of action which accrued at the maturity of the note. The court had power to amend the summons by allowing the motion of Leah H. Fishell that she be made a party plaintiff. C. S., 547. But as the result of this amendment was to constitute a new action against defendants, it did not

deprive them of the right to plead the statute of limitations in bar of recovery in such action. *Reynolds v. R. R.,* 136 N. C., 345; *Goodwin v. Fertilizer Works,* 123 N. C., 162; *Sams v. Price,* 121 N. C., 392. For the purpose of the defense based upon such plea, this action was commenced on 5 January, 1924. As more than three years had then elapsed since the death of the maker of the note, on 25 October, 1920, the action is barred as against both plaintiffs, whether the action upon the note accrued at the death of the maker, as contended by plaintiffs, or one day after the date of the note, to wit, 9 June, 1892, as contended by defendants. It is therefore immaterial, for the purpose of passing upon the above assignments of error, to decide when the note became due. In any event, upon the facts appearing upon the record, the action is barred as to both plaintiffs. There was error in the refusal of the judge of the Superior Court to sustain defendants' assignments of error based upon the exceptions as stated. These assignments of error should have been sustained and a new trial ordered.

In view of our decision, we do not deem it necessary to discuss or to decide other assignments of error relied upon by defendants upon their appeal to this Court. It is manifest that upon the uncontroverted facts plaintiffs' action is barred, and that they are not entitled to recover in this action. The judgment is

Reversed.