STATE USE ASHLEY COUNTY *v.* RILEY.

4-4720

Opinion delivered July 12, 1937.

*Y. W. Etheridge*, for appellant.

*Compere & Compere*, for appellees.

MEHAFFY, J. This action was originally begun by the State of Arkansas for the use and benefit of Ashley county against John C. Riley, sheriff and collector, and the sureties on his bond. The plaintiff below prayed that the settlement of August 10, 1931, made by Riley be reviewed for fraud in the procurement thereof, and that it have judgment for the sum of $5,243.78.

John C. Riley filed answer denying the allegations of the complaint. On August 6, 1935, an amendment was filed to the original complaint in which it was stated that Riley had collected and appropriated to his own use $1,586.08 in excess of the $5,000 allowed by the constitution.

Y. W. Etheridge intervened as a taxpayer, adopted the original complaint, and, also, alleged in an amendment substantially the same allegations made in the amendment to the original complaint, asking judgment of $1,586.08. The suit brought by the State for the use of Ashley county was dismissed by the plaintiff, but Etheridge, having been made a party, the action proceeded in his name.

There were numerous motions and the court finally ruled that Etheridge must proceed on his amendment, which asked judgment for the excess of $5,000, or $1,586.08; that this amendment to the complaint was inconsistent with the original complaint, and took the place of the original complaint.

Both parties appealed. Under the amendment, seeking to recover money received by the sheriff in ex-

cess of the constitutional allowance of $5,000, the plaintiff would be entitled to recover all the money that the officer received in excess of $5,000 whether it was contained in the suit to set aside the settlement or the amendment. In other words, the officer was entitled to receive not exceeding $5,000, under the Constitution, whether he was operating under the salary law or under the fee system. This order of the court did not determine the action finally and was not appealable. *Harrod v. St. L. I. M. & S. Ry. Co.*, 98 Ark. 596, 136 S. W. 974; *Brown v. Norvell*, 88 Ark. 590, 115 S. W. 372.

To entitle a party to appeal there must have been a final decree rendered in the case. *Foley v. Whittaker, Executor*, 26 Ark. 96.

This court has said: "The unnecessary splitting of causes by courts of chancery creates confusion and difficulty in practice and is condemned." *Davie v. Davie*, 52 Ark. 224, 12 S. W. 558, 20 Am. St. Rep. 170.

The allowance or refusal of a motion to amend pleadings is a matter within the discretion of the presiding judge, and no appeal lies. *State ex rel. Goodwin v. Caraleigh Phosphate & Fertilizer Works*, 123 N. C. 162, 31 S. E. 373; *Eastman v. Dunn*, 75 Atl. Rep. 697.

In Standard Encyclopedia of Procedure, vol. 2, page 162, it is said:

"The courts have frequently defined a final judgment. Mr. Chief Justice WAITE, speaking for the Supreme Court of the United States, *Bostwick v. Brinkerhoff*, 106 U. S. 3, 1 Sup. Ct. 15, 27 L. ed. 73, said: 'The rule is well settled and of long standing that a judgment or decree to be final must terminate the litigation between the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered.'"

"In equity, as at law, there must be a final decree before an appeal will lie." Standard Cyclopedia, vol. 2, page 163.

The learned chancellor was in error in holding that the decree was final, and the judgment is reversed and

the cause remanded with directions to proceed with the trial of the cause.

GRIFFIN SMITH, C. J., disqualified and not participating.