ETHERIDGE *v.* RILEY.

4-5149

Opinion delivered July 4, 1938.

*Y. W. Etheridge,* for appellant.
*Compere & Compere,* for appellee.

DONHAM, J. This is the second appeal of this case, the opinion of the court on the first appeal being found in 194 Ark. 485, 107 S. W. 2d 548. The original action was commenced by the state of Arkansas for the use and benefit of Ashley county against John C. Riley, as sheriff and collector of said county, and the sureties on his bond. The plaintiff asked in the original proceeding that the settlement of Riley, as sheriff and collector, bearing date

of August 10, 1931, be reviewed and that judgment be rendered against Riley for the use and benefit of Ashley county in the sum of $5,243.78.

Answer was filed by Riley and his bondsmen; and on August 5, 1935, Y. W. Etheridge, appellant here, filed an intervention alleging that Riley had collected and appropriated to his use $1,586.08 in excess of the $5,000 allowed by the Constitution. Etheridge intervened as a taxpayer, adopted the original complaint and prayed that judgment be rendered for the additional sum of $1,586.08, which it was alleged Riley had received over and above the amount allowed by the Constitution.

After numerous motions, the court ruled that Etheridge must proceed, if at all, on his amendment and not on the original complaint which had been filed by the prosecuting attorney. From the order of the court, holding that Etheridge must proceed on his amendment, Etheridge appealed. This court held that the order of the trial court, holding that Etheridge must proceed on his amendment and not on the original complaint filed by the prosecuting attorney, was not a final order and, therefore, an appeal did not lie from said order. The judgment of the court was reversed and the cause remanded with directions to proceed with the trial of the cause.

Riley filed a general demurrer to the pleading filed by Etheridge and later filed a motion to dismiss the proceeding on the alleged ground that Etheridge had no right to prosecute the action, the grounds of said motion being as follows:

(1) Because there is no allegation in the bill of the refusal of the officers whose duty it is to bring suits like this to act in the matter.

(2) That Etheridge had made no bond as required by law to pay such damages as the defendants may sustain.

(3) That after Etheridge filed his amendment, the prosecuting attorney, who has control over litigation against county officials and who is in a position to acquire and obtain information, and to use that information for the public good and benefit, had dismissed said suit.

(4) That the county court had approved the settlement of Riley August 10, 1931; that the State Auditorial Department had examined and approved the accounts of Riley for the year 1931.

(5) That the officers who had control of such suits have duly dismissed the suit herein and that Etheridge has no right, nearly two years after the suit was begun, to intervene and prosecute the same. The prayer of the motion was that the action by Etheridge be dismissed, and for other proper relief.

Upon a hearing on the motion to dismiss and on the general demurrer filed by Riley, said motion and demurrer were sustained, it being stated in the order of the court sustaining same that both presented the same issue. The cause was dismissed and Etheridge, appellant, has appealed from the order of dismissal to this court.

As stated, the court sustained the demurrer and motion to dismiss on the ground that Etheridge was without authority as a taxpayer to institute or prosecute an action against Riley such as was involved in the case before the court.

In the case of *Oats* v. *Smith,* 194 Ark. 812, 109 S. W. 2d 955, this court construed act 146 of the General Assembly of 1933, pointing out that the act makes it the duty of the attorney general or prosecuting attorney to prosecute actions based upon the finding of the State Comptroller and ex-officio director of county audits to recover from a county officer and the sureties on his bond any amount found by the Comptroller to be due. It was also pointed out that in case the attorney general or prosecuting attorney fails or refuses to take action to recover the amount found by the Comptroller to be due, the Comptroller shall do so. In holding that there is nothing in the act which authorizes a taxpayer to institute or prosecute such suit, the court said:

"There is nothing in this act authorizing the county judge or a taxpayer to institute or prosecute such a suit and there is no provision in it authorizing the county court to employ special counsel to prosecute such a suit. There is no provision in this act providing for the attorney general or the prosecuting attorney or the State

Comptroller to receive any part of a recovery had in the prosecution of such a suit as a fee. It imposes the duty to prosecute such suits upon them as a part of their official duties and without pay. It is not expressly provided in the act that the attorney general or prosecuting attorney or the State Comptroller can compromise such a suit after it has been instituted, but certainly it was not the intention of the Legislature to prevent the attorney general or the prosecuting attorney or the State Comptroller from compromising such a suit if in the exercise of a sound discretion they regard a compromise as being best for the county. The attorney general and prosecuting attorneys are elected by the people and the State Comptroller is appointed by the Governor, and the Legislature in the passage of this act seems to have imposed upon them this important duty and to have conferred upon them the sole authority to institute and prosecute such suits to the exclusion of all other officials. It was most fitting that the Legislature impose this duty upon them, for in suits of this character an accounting as well as legal knowledge is required. There is no allegation in the intervention of fraud on the part of these officers in effecting the settlement and without such a showing any settlement made by them after the institution of such suits by them must be regarded as having been made in the best of faith and to the best interest of the county or counties involved in the litigation. In addition to this act, we find that by §§ 8312 and 8313 of Crawford & Moses' Digest such duties as the institution and prosecution of suits, both civil and criminal is conferred upon prosecuting attorneys in the several districts and there is nothing in those sections which deprives the prosecuting attorney from controlling such litigation."

It is evident that, unless the court recedes from its holding in the above case, it must affirm the judgment of the court in the instant case dismissing the complaint for want of authority on the part of appellant as a taxpayer to maintain the suit. The judgment of the court is, therefore, affirmed.

GRIFFIN SMITH, C. J., disqualified and not participating.

MEHAFFY and SMITH, JJ., dissent.