GREER, TRUSTEE *v.* BLOCKER, RECEIVER.

4-9393                                236 S. W. 2d 77

Opinion delivered January 22, 1951.

250

*A. F. Triplett* and *A. F. House,* for appellant.

*Quinn & Williams,* for appellee.

ED. F. McFADDIN, Justice.   This appeal, though separately numbered, is intertwined with the original controversy between the same parties stated in Case No. 9336, today decided by this Court. We will refer to the original controversy as ''Case No. 9336'' and the present one as ''this case.'' The facts here are as follows: ·

The decree was entered by the Miller Chancery Court on June 16, 1950, in Case No. 9336; and the Trustee and Bondholders promptly appealed and filed the transcript in this Court on July 12, 1950, naming the Receiver as an appellee, along with the Landowners. The Trustee and the Bondholders filed their brief in this Court on August 21, 1950, in Case No. 9336. On September 1, 1950, Blocker, Receiver, filed in the Miller Chancery Court his petition, stating that Case No. 9336 was pending in the Arkansas Supreme Court and that Blocker, Receiver, was an appellee, and that he would need the continued services of his attorneys (Messrs. Quinn & Williams) to represent him in the Supreme Court, just as they had represented him in the Miller Chancery Court. The Receiver prayed that the Chancery Court make an allowance of twenty-five hundred dollars ($2,500) to said attorneys for representing the Receiver ''in all of the courts in which this case has been or will be heard.''

Greer, Trustee, and the Bondholders (parties in Case No. 9336) appeared and resisted the said petition of the Receiver for attorneys' fees. The Chancery Court on September 8, 1950, rendered a decree, reciting:

"The Court being well and sufficiently advised doth find that it is proper for the Receiver to participate in the suit which is now pending in the Supreme Court of Arkansas, and said Receiver is directed to continue to do so; and this Court reserves for further consideration the question as to an additional allowance to counsel for the Receiver."

From that decree Greer, Trustee, and the Bondholders, have appealed to this Court in the present case. As regards the amount of the fee to be ultimately paid the attorneys for the Receiver, there is no final and appealable order from which the Trustee and Bondholders can appeal at this time. See State v. Riley, 194 Ark. 485, 107 S. W. 2d 548. See, also, cases collected in West's Arkansas Digest "Appeal and Error," § 66.

But the Trustee and Bondholders claim that the Chancery Court erred in the present case in directing the Receiver to be represented in this Court in Case No. 9336. They say that Case No. 9336 is primarily between the Bondholders on one side, and the Landowners on the other; and that "There is no need for the Receiver to be participating in the appellate proceedings." They therefore ask this Court to reverse the Miller Chancery Court in directing the Receiver to be represented in this Court by attorneys.

Of course a Receiver is an officer of the Court. The New York Court stated this very clearly in People v. Security Life Insurance Co., 79 N. Y. 267:

"Since the receiver is an officer—or, as he is sometimes called, 'the hand'—of the court, it would be singular if he could not at any time go to it with his complaint, or for instructions in regard to any matter touching the fund placed in his custody. . . . He is not to advocate the cause of one claimant against another. Between them he is indifferent, owing a like duty to all; and for that reason should as far as possible—see to it that each has an equal opportunity to enforce his claim. He stands as their representative, and is bound to give them reasonable aid."

Nevertheless, in Case No. 9336 the Trustee and Bondholders sued the Receiver. He asked the Chancery Court

for instructions as to what he should do. The Court gave him such instructions; the Trustee and Bondholders, being dissatisfied with such instructions in Case No. 9336, have, by appeal, prayed this Court to change the instructions that the Chancery Court gave the Receiver. Certainly the Chancery Court had a right to direct the Receiver to defend Case No. 9336 in this Court, since the Trustee and Bondholders had named him as an appellee in this Court in the identical case in which they sued him in the Chancery Court. To hold otherwise would allow the Trustee and Bondholders to cause the Receiver to default in a case in which they had sued him. Such would violate all the spirit of fair play and representation by counsel fundamental in our Anglo-Saxon system of justice.[1] The mere statement constitutes the answer to the appellants' contention in this case.

We hold that under § 36-105 and § 36-116, Ark. Stats., the Chancery Court was correct in directing the Receiver to have his attorneys represent him[2] in Case No. 9336 in this Court. We furthermore state that the attorneys for the Receiver in that case submitted a splendid brief and made an able oral argument.

Affirmed.

Justice GEORGE ROSE SMITH not participating.

---

[1] In *Hightower* v. *Hawthorn*, Hempstead's Circuit Court Reports (of cases decided in the Territory of Arkansas in 1826), at Page 43, there is this statement:

"To deny the party the right to appear by attorney, is at once shutting out from him that source of information and that exercise of his legal rights which would enable him to make a just and fair defence to the suit brought against him."

See, also, 64 C. J. 232.

[2] See 53 C. J. 379; and see, also, 45 Am. Jur. 217 and 221.